UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nurture, LLC<br><br>       Plaintiff,<br><br>v.<br><br>PBM Nutritionals, LLC<br><br>       Defendant. | Civil Litigation No. 1:24-cv-02390-KPF-GS<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, Plaintiff Nurture, LLC and Defendant PBM Nutritionals, LLC (collectively the "Parties") having conferred and agreed to the following terms of confidentiality in this Confidentiality Stipulation and Protective Order (the "Order"), and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this litigation (the "Litigation"):

1. As used in this Order, the term:

    A. "Confidential Information" shall mean:

        i. all Documents and Testimony, and all information contained therein, that contains proprietary, non-public, and commercially sensitive information that would, in the good faith and judgment of the Producing Party, be detrimental to the conduct of that Party's commercial interests or the commercial interests of any of that Party's customers or clients, including but not limited to, trade secrets, research and development outputs, financial information, competitively sensitive price and quantity information, personal identity information, income tax returns, W-2 forms, and personnel employment records of a person who is not a party to the case; or

        ii. all Documents or Testimony containing information that is otherwise protected from disclosure by statute, regulation, or other law.

    B. "Producing Party" shall mean the Parties to this Litigation and any non-Parties producing "Confidential Information" in connection with depositions, document productions, subpoenas, or otherwise, or the Party or non-party asserting confidentiality.

    C. "Document" shall have the same meaning as provided in Local Civil Rule 26.3 of

      the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Thus, "Document" shall mean all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. This includes electronically stored information ("ESI").

    D.   "Receiving Party" shall mean the Parties to this Litigation or any non-party receiving "Confidential Information" in connection with depositions, Document productions, subpoenas or otherwise. Non-party experts and consultants assisting the Receiving Party are subject to the same obligations as Parties.

    E.   "Testimony" shall mean any oral information provided by a witness with discoverable information at a deposition.

2. Counsel for either Party may designate any Document, Testimony, or other information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in Confidential Information. Documents and the transcripts of Testimony designated by a Party as confidential will be stamped "Confidential."

3. The disclosure of a Document, Testimony, or other information without designating it as "Confidential" shall not constitute a waiver of the right to designate such as Confidential Information. If so designated, the Document, Testimony, or other information shall thereafter be treated as Confidential Information subject to all the terms of this Order.

4. A Party may not file any Confidential Information in the public record in this action without first obtaining written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons. A Party that seeks to file under seal any Confidential Information must comply with all applicable Federal, Local, and Individual Rules and Procedures. Except for redactions permitted under Federal Rule of Civil Procedure 5.2 or the Southern District's ECF Privacy Policy, Confidential Information may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Information at issue. If a Receiving Party's motion to remove the confidentiality designation is granted by the Court, then the Receiving Party may file Confidential Information in the public record unless otherwise instructed by the Court.

5. The Receiving Party may, at any time, notify the Producing Party in writing that the Receiving Party does not concur in the designation of a Document, Testimony, or other information as Confidential Information. In the event that a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge.

6. If the Producing Party does not agree to declassify such Document, Testimony, or information within five (5) business days of the written request, the Receiving Party may move the Court for an order declassifying those Documents, Testimony, and information.

If such motion is filed, the Documents, Testimony, or information shall remain Confidential Information unless and until the Court rules otherwise. The Producing Party bears the burden of establishing the proprietary nature of its designation of Documents, Testimony, or information as Confidential Information.

7. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose Confidential Information only to:

   A. The Parties and personnel of the Parties actively engaged in assisting with the Litigation to whom disclosure is reasonably necessary to assist in the Litigation, and who have been advised of their obligations under this Order;

   B. Counsel for the Parties to the Litigation and their associated attorneys, including in-house counsel, outside counsel, paralegals, and other professional personnel who are assisting such counsel under their supervision, and who have been advised of their obligations under this Order;

   C. Experts or consultants retained by the Parties or their counsel to furnish technical or expert services or to give testimony with respect to the subject matter of this Litigation at a potential trial or other proceeding or professional jury consultants and mock jurors, including their employees or staff, to whom disclosure is reasonably necessary in this Litigation, and who have been advised of their obligations under this Order and have executed the "Acknowledgement and Agreement to Be Bound" (Attachment A);

   D. Outside discovery, document management, or other litigation support service providers engaged by the Parties in connection with this Litigation to whom disclosure is reasonably necessary, and who have been advised of their obligations under this Order;

   E. The Court, any court to which a Party petitions for discovery of a non-party, court reporters and their staff, any appellate court, necessary court personnel, and jurors;

   F. Stenographers or videographers engaged to transcribe/record depositions in this Litigation;

   G. During depositions and deposition preparation, witnesses in the Litigation to whom disclosure is reasonably necessary, and who have been advised of their obligations under this Order;

   H. Non-party witnesses in this Litigation and their attorneys to whom disclosure is reasonably necessary for the purposes of prosecuting, defending, or attempting to settle this Litigation, and who have been advised of their obligations under this Order and have executed Attachment A.

   I. Any mediator or arbitrator engaged by the Parties to facilitate settlement negotiations or other resolution of the Litigation, and who have been advised of their obligations under this Order and have executed Attachment A;

J.     The author or recipient of a Document that contains Confidential Information or a custodian who possessed, received, or knew of the Confidential Information outside of the Litigation, and who have been advised of their obligations under this Order;

K.     Other persons upon written consent of the Producing Party or by order of the Court, and who have been advised of their obligations under this Order and have executed Attachment A.

8. Prior to disclosing or displaying the Confidential Information to any person, counsel for one of the Parties must:

A.     Inform the person of the confidential nature of the Documents, Testimony, or information disclosed; and

B.     Inform the person that this Court has enjoined the use of the Documents, Testimony, or information by that person for any purpose other than in connection with the Litigation, and has enjoined the disclosure of the Documents, Testimony, or information to any other person.

9. Any person or entity in possession or granted possession of Confidential Information shall maintain those Documents, Testimony, or information in a reasonably secure manner, and shall not discuss, disclose, or present such Confidential Information to or with any person not entitled to receive it under the terms of this Order.

10. The protections of this Order apply to not only the Confidential Information itself, but also to copies, compilations, excerpts, summaries, or analyses of such Confidential Information, as well as testimony, conversations, or presentations by the Parties or their counsel in a manner that might disclose Confidential Information to persons not authorized to receive such information.

11. Nothing in this Order shall be construed as limiting a Producing Party's use of its own Confidential Information. Confidential Information may, however, lose the protections of this Order and become subject to disclosure, use, and dissemination by the other Party without limitation under this Order if any of the following occurs:

A.     The Confidential Information is or becomes generally or publicly available without being disclosed by the Receiving Party in breach of this Order;

B.     The Confidential Information was independently developed or learned by such Party as a result of that Party's own independent efforts, investigation, or inquiry without violating this Order;

C.     The Confidential Information was acquired by a Party from a non-party having the right to disclose such information;

D.     The Producing Party notifies the Receiving Party in writing that such information is no longer confidential; or

E.  It is determined by a court of competent jurisdiction that such Confidential Information shall not be entitled to the protections of this Order.

12. If a Receiving Party learns that it has disclosed Confidential Information, by inadvertence or otherwise, in any manner not authorized under this Order, the Receiving Party must notify in writing the Producing Party of the unauthorized disclosures within five (5) calendar days after learning of the disclosure, inform the person or persons to whom the unauthorized disclosure was made of the confidential nature of the Document, Testimony, or information and the existence of this Order, and use reasonable best efforts to retrieve all unauthorized copies of the Confidential Information.

13. Nothing in this Order shall preclude any Party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information.  The Parties agree that a Party's disclosure or production of any documents or information in this proceeding shall be governed by the Stipulated Agreement and Order Under Fed. R. Evid. 502(d), agreed to by the parties and filed herewith.

14. Upon written notice of a claim of inadvertent disclosure or production, the parties shall comply with the Stipulated Agreement and Order Under Fed. R. Evid. 502(d), agreed to by the parties and filed herewith.

15. Before disclosure of Confidential Information to an expert witness or consultant pursuant to paragraph 6(c) herein, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Order and obtain the expert or consultant's acknowledgment to comply with and be bound by its terms by executing Attachment A.

16. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking the steps as the Court, upon motion of the Party or non-party, shall deem necessary to preserve the confidentiality of such Confidential Information.

17. This Order shall not preclude counsel for any Party from using during any deposition in the Litigation any Documents or Testimony which has been designated as "Confidential Information" under the terms hereof.  Any deposition witness who is given access to Confidential Information shall be provided with a copy of this Order and agree to comply with and be bound by its terms. Nothing in this Order, however, shall preclude a witness from reviewing his or her own deposition transcript and exhibits thereto.

18. In the event that, upon being presented with a copy of the Order, a witness refuses to acknowledge and comply with the Order, the Court shall, upon application, enter an order directing the witness's compliance with this Order.

19. A Producing Party may designate as Confidential Information any portion of a deposition transcript as containing such material by advising the court reporter and counsel of record on the record before the close of the deposition, or else in writing within fourteen (14) calendar days thereafter, whether it intends to designate some portion of the testimony as

5

        Confidential Information. Where the Producing Party has indicated that it will be designating any portion of the testimony as Confidential Information, the Producing Party shall have twenty-one (21) calendar days after receipt of the final transcript to review and identify the specific portions of the testimony as to which protection is sought. During such period, the Parties shall consider the transcript as Confidential in its entirety. If no designation is made within twenty-one (21) calendar days after receipt of the final transcript, or such other period if the time to designate is modified either by agreement of the Parties or by Court order, the transcript shall be deemed not to contain any Confidential Information. Additionally, if all or part of a videotaped deposition is designated as Confidential Information, the DVD, CD, or thumb drive, plus any container, shall be so labeled. The Producing Party shall inform the court reporter of these requirements.

20. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or non-party may do so only after taking the steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

21. The production or disclosure of Confidential Information shall in no way constitute a waiver of the Producing Party's right to object to the production or disclosure of other information in this Litigation or in any other litigation.

22. Nothing in this Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

23. Nothing in this Order or any designation of confidentiality, or the failure to make a designation of confidentiality shall be used or characterized by any Party as an admission by a Party or a Party opponent.

24. The Parties agree that a designation of confidentiality is not intended to be and shall not be construed as an admission that the Confidential Information is relevant to a Party's claims or defenses, nor subject to an applicable privilege or protection.

25. This Order is not intended to nor shall it limit a Party's right to conduct a review of Documents, Testimony, ESI, or information (including metadata) for relevance, responsiveness or privileged or protected information before production.

26. This Order shall, absent prior written consent of the Parties, continue to be binding after the conclusion of the Litigation except that (a) there shall be no restriction on Documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Order.

27. At the conclusion of the Litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than sixty (60) calendar days after entry of final judgment no longer subject to further appeal) certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain

protected by this Order. The confidentiality obligations imposed by this Order shall continue to be binding after the conclusion of this Litigation and shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

28. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information. Nothing in this paragraph shall be construed as requiring any Party to this Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

   A. If the Producing Party timely seeks a protective order, the Party served with the subpoena, court order, or other request shall not produce any Confidential Information before a determination by a court with appropriate jurisdiction of the subpoena, order, or request issued, unless the Party has obtained the Producing Party's permission.

   B. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

29. This Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

30. This Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: July 11, 2024

New York, New York

| | |
|---|---|
| */s/ Denise L. Plunkett* | */s/ Richard A. Edlin* |
| Denise L. Plunkett | Scott J. Bornstein |
| Kail J. Jethmalani | Richard A. Edlin |
| Tomasz Mielniczuk | Dale Rose Goldstein |
| AXINN, VELTROP & HARKRIDER LLP | GREENBERG TRAURIG, LLP |
| 114 West 47th Street | One Vanderbilt Avenue |
| New York, NY 10036 | New York, New York 10017 |
| Telephone: 212-728-2200 | Telephone: 212-801-6528 |
| Fax: 212-728-2201 | Scott.Bornstein@gtlaw.com\| |
| dplunkett@axinn.com | EdlinR@gtlaw.com |
| kjethmalani@axinn.com | GoldsteinD@gtlaw.com |
| tmielniczuk@axinn.com | |

Michael L. Keeley
Lindsey Strang Aberg
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: 202-912-4700
Fax: 202-912-4701
mkeeley@axinn.com
lstrang@axinn.com

*Attorneys for Defendant PBM Nutritionals, LLC d/b/a Perrigo Nutritionals*

*Attorneys For Plaintiff Nurture, LLC f/k/a Nurture, Inc.*

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party wishing
to make redacted or sealed submissions shall comply with Rule 9 of this
Court's Individual Rules of Civil Procedure.


Dated:      July 12, 2024                SO ORDERED.
            New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

## **ATTACHMENT A**

### AGREEMENT TO BE BOUND

I, _____, do solemnly swear that I am fully familiar with the terms of the Confidentiality Stipulation and Protective Order entered in *Nurture, LLC v. PBM Nutritionals, LLC*, United States District Court for the Southern District of New York, Case No. 1:24-cv-02390-KPF-GS, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this order. A copy of this Attachment A, including an electronic copy, shall be treated as an original.

Dated:_____         Signed:_____