**GT** GreenbergTraurig



Dale R. Goldstein
Tel 212.801.6459
GoldsteinD@gtlaw.com

June 5, 2026

**BY ECF AND EMAIL**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   *Nurture, LLC v. PBM Nutritionals, LLC*, Case No. 24-cv-02390-KPM —
      **Motion to File Documents Under Seal**

Dear Judge Failla:

On behalf of Defendant PBM Nutritionals, LLC ("Perrigo"), we write pursuant to the Second Stipulated Confidentiality Stipulation and Protective Order (Dkt. No. 51) (the "Protective Order") and Section 9(B) of Your Honor's Individual Rules of Practice in Civil Cases to respectfully request the Court's approval to seal the following materials: (i) Perrigo's Memorandum of Law in Support of its Motion for Summary Judgment; (ii) Perrigo's Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment; (iii) Perrigo's Memorandum of Law in Support of its Motion to Partially Exclude the Opinions of Gregory J. Pincar and Dr. Shireen Meer; and (iv) certain supporting exhibits attached to the declarations of Richard A. Edlin and Dale R. Goldstein (collectively, the "Protected Materials").

Perrigo is concurrently filing placeholder cover pages on the public docket indicating that each of the Protected Materials has been filed under seal, and is submitting unredacted versions under seal for the Court's review. Because the redactions necessary to protect confidential information would encompass nearly the entirety of the briefs and supporting exhibits, Perrigo is filing all such documents under seal in their entirety rather than submitting partially redacted versions that would be of little utility to the public.

**A.   The Parties Have a Strong, Compelling Interest in Safeguarding the Protected Materials**

The Protected Materials consist of: (i) the Complaint (Dkt. No. 1), which Plaintiff Nurture, LLC ("Nurture") filed in redacted form; (ii) documents produced by Perrigo and Nurture during discovery that either party designated as "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only" under the operative Protective Order, and (iii) deposition transcripts containing information designated as "Confidential" pursuant to the Protective Order.

June 5, 2026
Page 2

These documents contain non-public, commercially sensitive information relating to the parties' contractual relationship; Perrigo's infant formula manufacturing processes and systems; the parties' internal business communications; audits, inspections, and assessments of Perrigo's manufacturing plants; current and future business plans; deposition testimony; expert reports; and written discovery responses. Maintaining confidentiality over these documents is necessary to prevent competitors from gaining direct visibility into Perrigo's and Nurture's internal business operations, strategies, and other proprietary matters.

"Courts in this District often grant requests to seal or redact information related to strategic business practices and financial information." *Dinosaur Fin. Gr. LLC v. S&P Glob., Inc.,* No. 22 Civ. 1860, 2025 U.S. Dist. LEXIS 210585, at *8 (S.D.N.Y. Oct. 21, 2025) (Failla, J.) (holding that defendants' interest in redacting certain material outweighed the presumption of access). Because disclosure of this information would cause competitive harm to the designating party, Perrigo's request to seal or redact the Protected Materials should be granted. *W.J. Deutsch & Sons Ltd. V. Zamora*, No. 1:21-cv-11003, 2022 U.S. Dist. LEXIS 54365 (S.D.N.Y. Mar. 25, 2022) (moving party met its burden to justify sealing where disclosure of confidential business information would subject the party to competitive disadvantage); *Sony Corp. v. Fujifilm Holdings Corp.*, No. 16 Civ. 5988, 2016 U.S. Dist. LEXIS 202646, at *5 (S.D.N.Y. Oct. 28, 2016) (granting sealing request where the information at issue included confidential contractual terms and other proprietary business information).

This Court has previously approved requests to seal or redact confidential documents and information in this case. *See* Dkt. No. 61 (granting Nurture's request to file its Local Rule 37.2 pre-motion letter with partial redactions and exhibits under seal); Dkt. No. 100 (granting Nurture's request to file its opposition letter to Perrigo's request for a pre-motion conference with partial redactions). The same result is warranted here because Perrigo's interest in maintaining the confidentiality of the Protected Materials, and the potential harm it would otherwise sustain, overcomes the presumption of public access.

**B.  Listing of Protected Materials to Be Filed in Redacted or Sealed Form**

Consistent with Your Honor's Individual Rules, Perrigo seeks approval to file the following Protected Materials under seal in their entirety:

- Perrigo's Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment;

- Exhibits 1 through 78 to the Declaration of Richard A. Edlin in Support of Perrigo's Motion for Summary Judgment and Rule 56.1 Statement of Undisputed Facts;

- Perrigo's Memorandum of Law in Support of its Motion for Summary Judgment;

- Exhibits A through N to the Declaration of Dale R. Goldstein in Support of Perrigo's Motion to Partially Exclude the Opinions of Gregory J. Pincar and Dr. Shireen Meer; and

June 5, 2026
Page 3

- Perrigo's Memorandum of Law in Support of its Motion to Partially Exclude the Opinions of Gregory J. Pincar and Dr. Shireen Meer.

We appreciate the Court's attention to this matter and remain available should the Court have any questions.

Respectfully submitted,


*/s/ Dale R. Goldstein*

Dale R. Goldstein

cc: All Counsel of Record (via ECF)


Application GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket entry 103.

Dated:    June 9, 2026            SO ORDERED.
          New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE